UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH CARL CRISSUP, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-05-431 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

### OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division, and is currently incarcerated at the Stiles Unit in Beaumont, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging his 2004 felony convictions in Nueces County (D.E. 1). On January 9, 2006, respondent filed his answer and motion for summary judgment (D.E. 14). Petitioner filed his response March 13, 2006 (D.E. 39). On March 13, 2006, petitioner also filed motions for appointment of counsel and for an evidentiary hearing (D.E. 40-1, 40-2).

Petitioner argues that an evidentiary hearing is necessary to develop the record. It was petitioner's responsibility to develop the factual basis for his claims in the proceedings in state court. The factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting the presumption of correctness. *Id.* If petitioner failed to develop the factual basis for his claims in the state court proceedings, the district court cannot hold an evidentiary hearing unless petitioner shows that: (1) his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or the factual predicate could not have been previously discovered through the exercise of due

diligence; and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). Petitioner's motion for an evidentiary hearing is premature. If, when the summary judgment motion is addressed, petitioner demonstrates he is entitled to an evidentiary hearing, the hearing will be scheduled *sua sponte.*

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Petitioner's request for counsel is also premature. Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's motions for appointment of counsel and for an evidentiary hearing (D.E. 40-1, 40-2) are denied without prejudice.

ORDERED this 21st day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE