IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH CARL CRISSUP, JR, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | C.A. NO. C-05-431 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, TDCJ-CID, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Beto Unit in Tennessee Colony, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging Nueces County convictions. Respondent's supplemental motion for summary judgment is due October 12, 2006. Pending is petitioner's motion for appointment of counsel (D.E. 56).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Respondent has not yet filed his answer, and a decision has not yet been made as to whether an evidentiary hearing is necessary.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, Petitioner's Motion for Appointment of Counsel (D.E. 56) is denied without prejudice.

ORDERED this 3rd day of October, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE