IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KENNETH CARL CRISSUP, JR, § | |
| Petitioner, § | |
| § | |
| VS. § | C.A. NO. C-05-431 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, TDCJ-CID, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR EXTENSION OF TIME

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Estelle Unit in Huntsville, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging Nueces County convictions. Petitioner's response to respondent's supplemental motion for summary judgment is due on or before January 5, 2006. Pending is petitioner's second motion for appointment of counsel and his motion for an extension of time to file his response (D.E. 72).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. A decision will not be made about whether an evidentiary hearing will be scheduled until respondent's supplemental motion for summary judgment and all responses are reviewed to determine whether one is necessary.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's second motion for appointment of counsel (D.E. 72) is denied without prejudice.

Petitioner's motion for an extension of time (D.E. 72) is also denied. All of the complaints made by petitioner involve issues about which petitioner had knowledge before the last telephonic hearing held November 21, 2006. Petitioner stated that given all his setbacks and problems with his vision, he could submit his response by January 5, 2006. In any event, petitioner appeared to be requesting an extension of time so that an attorney could file a response on his behalf, and that issue is now moot.

ORDERED this 21st day of December, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE